# Quigley, Appellant, *v.* Standard Steel Car Company.

*Negligence—Railroads—Master and servant—Evidence—Nonsuit.*

In an action by a conductor against his employer, a steel car company, to recover damages for personal injuries suffered on the defendant's premises, by his being struck by some object projecting from the rear car of a train of which he was conductor, a nonsuit is properly entered where it does not appear from the evidence whether the car in question belonged to the defendant company, or was that of some railroad company in which material was being brought into the defendant's works, and it also does not appear when, where or by whom the car was loaded, or when it came into the condition in which it was at the time of the accident, or that the defendant company knew of its condition either directly or constructively.

Argued Oct. 11, 1909. Appeal, No. 72, Oct. T., 1909, by plaintiff, from order of C. P. Butler Co., March T., 1907, No. 27, refusing to take off nonsuit in case of James Quigley v. Standard Steel Car Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GALBREATH, P. J.

After the evidence on behalf of the plaintiff had been introduced at the trial defendant made the following motion:

Mr. Campbell: We move the court for a compulsory nonsuit in this case; first, for the reason that, as stated in the statement on file, it is alleged that the negligence of the defendant company consisted in the declaration that the car causing the accident was a car that had been loaded by the defendant company; that it was improperly loaded; that the car company employed incompetent employees for that purpose, knowing the employees to be incompetent, and that the evidence in the case does not support this allegation. Second, that there is no specific proof of any negligence in the case upon the part of defendant company, resulting in the accident to the plaintiff.

The Court: I have listened to you intently during the rather protracted argument of this case, because it is an important case, especially to this plaintiff, who has been so seriously injured, and I wished to get a proper conclusion of the matter. I have come to the conclusion that it is the duty of the court to dispose of the case. The plaintiff was injured December 23, 1905, while in the employ of the defendant company, as conductor of a transportation train of thirteen cars, within the defendant company's ground, by being struck by some object projecting from the rear car of the train and knocked under it. It does not appear from the evidence whether the car in question belonged to the defendant company or was that of some railroad company in which material was being brought into defendant company's works. It does not appear when, where, or by whom it was loaded, or when it came into the condition in which it was at the time of the accident. If the car was the property of the defendant company, and was loaded on its grounds, and by its workmen, there is no evidence to show this, and, consequently, no evidence showing that it was negligently loaded by defendant's workmen. If it was not a car of the defendant company, but belonged to a railroad company and was being used to bring in material to defendant's works, there is no evidence that its condition was actually known to the defendant company or that it had been in its possession a sufficient length of time to charge it with constructive knowledge of that condition. We think there is no proof of specific negligence on part of defendant company in the respects charged in plaintiff's statement of claim. If it be said that the fact of the projecting object is evidence from which negligence may be inferred, yet there is no evidence from which it may be ascertained whose negligence it was and whether such as can be charged to the defendant company.

And until the negligence is specifically shown and directly traced, the court cannot say, as a matter of law, whether it was the negligence of a vice principal, and therefore of the company, or whether it was the negligence of a fellow servant. Under all the evidence, therefore, we are disposed to believe

that there can be no recovery, and the motion for a compulsory nonsuit is therefore sustained. This seems to be a case that it is the duty of the court to dispose of. A case of this character we would much prefer to submit to the jury, if the rules of law permitted us to do so, by reason of the severe injury that the plaintiff has sustained, but we are quite clear that under the evidence, as it is before us, the court would be disregarding its duty in submitting this case, for the reason that under the law there cannot be a recovery, and for that reason you are discharged from any further duty in the case.

*Error assigned* was refusal to take off nonsuit.

*S. F. Bowser*, with him *A. L. Bowser, J. B. Mates* and *W. G. Wilson*, for appellant.

*T. C. Campbell*, with him *W. D. Brandon*, for appellee.

PER CURIAM, October 25, 1909:

The judgment is affirmed on the opinion of the learned judge in entering the nonsuit.